1  **WO**

2

3

4

5

6                     **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9  **IN THE MATTER OF**                    )    No.  CV09-2248 PHX DGC
                                          )
10  Gorilla Companies, Inc., et al.,        )    BK NO.  2:09-BK-02898 RJH
                                          )              2:09-BK-02901-CGC
11         Debtor                          )              2:09-BK-02903-GBN
   _____)              2:09-BK-02905-CGC
12  Gorilla Companies, LLC                  )
                                          )    ADV. NO.  09-AP-00266
13         Plaintiff,                       )
   v.                                     )    **ORDER**
14                                          )
   Robb M. Corwin, et al.,                 )
15                                          )
          Defendants.                     )
16  _____)
   13 Holdings, LLC, et al.,               )
17                                          )
          Plaintiffs,                      )
18  v.                                      )
                                          )
19  Gorilla Companies, LLC, et al.,         )
                                          )
20         Defendants.                     )
   _____)
21

22         This order relates to an adversary proceeding pending in the United States Bankruptcy

23  Court for the District of Arizona.  The adversary proceeding concerns an asset purchase

24  transaction between the Corwin parties and Gorilla Companies, Inc.  Dkt. #9 at 2.  On

25  October 26, 2009, the bankruptcy court entered a discovery order requiring the Corwins to

26  submit two of their computers for inspection by November 2, 2009 and to provide other

27  discovery responses.  Dkt. #8 at 2.  The Corwins responded by filing a motion for leave to

28  appeal the order to this Court (Dkt. #2) and an emergency motion to stay the order (Dkt. #8).

Gorilla objects to both motions. Dkt. ##9, 10. For the following reasons, the Court will deny both motions.[1]

The discovery dispute concerns a website created by Jillian Corwin. Gorilla has sought to obtain discovery concerning the Corwins' involvement in the website. The Corwins contend that the discovery will abridge the First Amendment rights of themselves and others to speak anonymously on the Internet, and that Gorilla has not made the prima facie showing required for such discovery. *See Best Western v. Doe*, CV-06-1537-PHX-DGC, 2006 WL 2091695, at *3-4 (D. Ariz. July 25, 2006). The parties briefed the issue extensively in bankruptcy court and Judge Haines, who presides over the adversary proceeding, heard oral argument on October 21, 2009. Judge Haines overruled the Corwins' objections and ordered them to respond to the discovery. Dkt. #9-3 at 12-17.

The parties agree that this Court may stay the bankruptcy court's order only if the Corwins meet the standards for a preliminary injunction. They must show that (1) they are likely to succeed on the merits of the appeal, (2) they are likely to suffer irreparable harm without a stay, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *See Winter v. NRDC, Inc.*, --- U.S. ----, 129 S.Ct. 365, 374 (2008); *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Gorilla argues that the Corwins are not likely to succeed on the merits of their appeal. Dkt. #9. The Court agrees.

To succeed on the merits, the Corwins must first persuade this Court to grant leave for the appeal. The parties disagree on the test for granting leave. The Corwins assert that the collateral order doctrine, as set forth in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541 (1949), applies to this case. Gorilla asserts that the appropriate test is outlined in *In re Bertain*, 215 B.R. 438, 441 (B.A.P. 9th Cir. 1997). The Corwins' appeal satisfies neither test.

---

[1] The parties' request for oral argument is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

The collateral order doctrine can apply to bankruptcy cases, *see In re Dow Corning Corp.*, 86 F.3d 482 (6th Cir. 1996); *In re Belli*, 286 B.R. 851 (B.A.P. 9th Cir. 2001), but is rarely used and applies only in a small class of claims, *Cohen*, 337 U.S. at 546. The doctrine permits appellate review of an interlocutory order that "(1) conclusively determines the disputed question; (2) resolves an important question completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from final judgment." *Dow Corning*, 86 F.3d at 488; *see, e.g., Belli*, 286 B.R. at 854 (stating that the court would not interfere with an unfinished adversary proceeding, even when the appeal concerned partial summary judgment). The second prong of the test is not satisfied in this case. The disputed discovery relates to Gorilla's claims against the Corwins for tortious interference with Gorilla's business, breach of fiduciary duties owed to Gorilla, and violation of Robb Corwin's non-competition agreement. A ruling on the discovery dispute requires an understanding of these claims and the relevancy of the discovery. The ruling might well affect Gorilla's ability to prove its claims. The discovery dispute also implicates case management. Discovery closed in September. The Corwins claim that the disputed discovery is untimely and will prolong the adversary proceeding unnecessarily. Given the connection between the disputed discovery and the merits of Gorilla's claims, as well as the potential effect of the discovery on management of the adversary proceeding, Judge Haines' ruling does not resolve "an important question completely separate from the merits of the action." *In re Dow Corning Corp.*, 86 F.3d at 488. The collateral order doctrine does not apply.

The test advocated by Gorilla is satisfied when the appeal (1) "involves a controlling question of law as to which there is substantial ground for a difference of opinion" or (2) will, if successful, "materially advance the termination of the underlying litigation. *In re Bertain*, 215 B.R. 438, 441 (B.A.P. 9th Cir. 1997). Judge Haines' ruling does not satisfy either prong. The ruling does not concern a controlling question of law as to which there are substantial grounds for difference of opinion. The ruling concerns the propriety of the requested discovery given the allegations, facts, and procedural status of the adversary

proceeding. It is a case-specific decision, not an opinion on an overriding question of law. Nor can the Court conclude that the appeal, if successful, would materially advance the termination of the adversary action. The Corwins and Gorilla are parties to a long-running dispute that originated in Arizona state court and later moved to bankruptcy court. The dispute has included discovery in state court, discovery in bankruptcy court, and an arbitration over the proper ownership of the domain name for the disputed website. Introduction of yet another forum for dispute – this Court – would not expedite resolution of the adversary proceeding. To the contrary, the Court's involvement would only prolong and complicate an already lengthy and involved proceeding.

The Court could choose to grant leave to appeal if it found that the bankruptcy court had no "rational or reasonable basis for its decision." *In re Sentinel Bonding Agency, Inc.*, 24 B.R. 551, 554 (W.D. Okla. 1981). As noted above, however, Judge Haines received substantial briefing and held a hearing where the parties argued their respective positions on the appropriateness of the discovery. The transcript of the hearing makes clear that Judge Haines was familiar with the relevant law and considered the parties arguments. Dkt. #9-3 at 13-22. The Court cannot conclude that the bankruptcy court acted without a rational or reasonable basis for its decision.

The Court concludes that the Corwins have not met the requirements for interlocutory appeal of the discovery order. The Court therefore will deny both the motion to stay and the motion for leave to appeal.

**IT IS ORDERED:**

1.  The Corwin parties' motion for leave to appeal (Dkt. #2) is **denied**.

2.  The Corwin parties' motion to stay (Dkt. #8) is **denied**.

3.  The Clerk is directed to terminate this action.

DATED this 30th day of October, 2009.

*David G. Campbell*

_____

David G. Campbell
United States District Judge